UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUDIO VISUAL INNOVATIONS, INC.,

    Plaintiff,

v.

ROGER BURGDOLF, ALAN WHITE, and
CAROUSEL INDUSTRIES OF NORTH
AMERICA,

    Defendants.
_____/

Case No. 13-10372

HON. AVERN COHN

**MEMORANDUM AND ORDER STAYING
DEFENDANT'S MOTION TO COMPEL (Doc. 28)
AND GRANTING PLAINTIFF'S
MOTION TO COMPEL (Doc. 39) AND
DISMISSING AS MOOT PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTIVE RELIEF (Doc. 6)**

**I. INTRODUCTION**

This is a trade secrets case. Plaintiff Audio Visual Innovations, Inc. ("AVI") sells, installs, and services teleconferencing and video teleconferencing equipment. AVI filed this action against its former employees, defendants Roger Burgdolf ("Burgdolf") and Alan White ("White"), claiming that they stole trade secrets and misappropriated information when they left AVI and joined defendant Carousel Industries of North America ("Carousel"), a competitor company. The complaint is in four counts:

    Count I        Breach of Contract

    Count II       Violation of the Michigan Trade Secrets Act

1

    Count III     Tortious Interference With Contracts

    Count IV     Injunctive Relief

Originally, two separate cases were filed; one against Burgdolf and Carousel and the other against White and Carousel (No. 13-10372 and No. 13-11606). The cases were consolidated (Doc. 43). Case No. 13-10372 was designated as the lead case and Case No. 13-11606 was dismissed.

Now before the Court is Defendants' motion to compel discovery (Doc. 28) and Plaintiff's motion to compel discovery (Doc. 39).[1] Defendants' motion is STAYED. Plaintiff's motion is GRANTED.

## II. BACKGROUND

Essentially, this case involves accusations by AVI that defendants White and Burgdolf, both former high level employees of AVI, abruptly resigned and joined defendant Carousel, a competing company. AVI says that in so doing, White and Burgdolf took with them trade secrets and other confidential information such as customer contact lists, etc.

The pending motions to compel involve, in large part, the examination of certain electronic devices. AVI seeks to examine Burgdolf's and White's current electronic devices, including mobile telephones, computers, and hard drives being used at Carousel to determine the information that is claimed to have been taken from AVI. Defendants seek to examine Burgdolf's and White's former computers that are in the possession of AVI. In

---

[1] Prior to the Court's consolidation of the two cases, identical motions were filed by both sides in Case No. 13-11606. *See* (Doc. 15, Defs'. Mot. To Compel; Doc. 26, Pl's. Mot. To Compel). These motions were not refiled in the lead case but are incorporated by reference into Docs. 28 and 39 in Case No. 13-10372.

addition, Defendants seek to compel answers to interrogatories.[2]

### III. LEGAL STANDARDS

**A. Motion to Compel – Generally**

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The scope of discovery, however, is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production

---

[2] Originally, AVI sought a temporary restraining order ("TRO") and preliminary injunctive relief to prevent Burgdolf and White from actively competing with AVI. While Case No. 13-11606 was still pending in the Western District (the case against White and Carousel), the court granted in part AVI's request for a TRO. *See* (Doc. 2 in No. 13-11606). Still pending in this case is a motion for TRO and preliminary injunctive relief that would apply to Burgdolf (Doc. 6). The Court scheduled the motion for an evidentiary hearing in March, 2013. On the date set for hearing, the parties agreed that they would fast-track discovery and set the case for trial, if necessary, in August 2013, and the hearing on the motion was not held. Obviously, the parties did not complete discovery in a timely manner given the current dispute. As a consequence, the non-compete agreements–as of December 21, 2013–are no longer in effect. Therefore, the relief requested in the motion for a TRO and preliminary injunctive relief cannot be granted and the motion is DISMISSED AS MOOT.

("RFP") of documents on an opposing party. Fed. R. Civ. P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). If the receiving party fails to respond to interrogatories or RFPs, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). If a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed. R. Civ. P. 37(A)(5)(a).

**B. Forensic Examination of Electronic Devices**

The Sixth Circuit has explained that forensic imaging and production of opposing parties' computers should be used sparingly. *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008). Indeed, "courts have been cautious in requiring the mirror imaging of computers where the request is extremely broad in nature and the connection between the computers and the claims in the lawsuit are unduly vague or unsubstantial in nature." *Id.* at 459–60 (bracket and internal quotation marks omitted). In compelling forensic imaging, a court must guard against undue intrusiveness and "account properly for the significant privacy and confidentiality concerns" that may be present in a case. *Id.* at 460. In essence, the need for forensic imaging must outweigh the risk of improperly exposing private, personal information. *Id.*

In situations where a party can show improper conduct on the part of the responding party, a forensic examination may be appropriate. *Diepenhorst v. City of Battle Creek*, No. 1:05-CV-734, 2006 WL 1851243, at *2 (W.D. Mich. June 30, 2006) (citing *In re Ford Motor*

4

*Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003)). "[I]maging is allowed only on a finding that the opponent's document production has been inadequate and that a search of the opponent's computer could recover deleted relevant materials." *Id.* at *3 (citing *Simon Property Group*[*,LP v. MySimon*, Inc.,] 194 F.R.D. [639,] 640–41 [(S.D. Ind. 2000)]; *Playboy Enter., Inc. v. Welles*, 60 F. Supp. 2d 1050 (S.D. Cal. 1999)). As one court has stated:

> This court is . . . loathe to sanction intrusive examination of an opponent's computer as a matter of course, or on the mere suspicion that the opponent may be withholding discoverable information. Such conduct is always a possibility in any case, but the courts have not allowed the requesting party to intrude upon the premises of the responding party just to address the bare possibility of discovery misconduct.

*Id.*

## IV. DISCUSSION

### A. Defendants' Motion to Compel

Prior to determining whether defendants should be allowed to examine White's and Burgdolf's AVI computers, and prior to AVI being required to answer the challenged interrogatories, defendants should comply with plaintiffs request to examine the electronic devices as explained below. For this reason, the Court has stayed further adjudication of defendants' motion to compel for a later date.

### B. Plaintiff's Motion to Compel

Keeping in mind that forensic imaging of electronic devices is to be used in few situations, this is one of these situations. Because of the nature of the case and the allegations against White and Burgdolf, it is appropriate that AVI examine the following devices (the "Devices"), which are in the possession of the defendants, to determine the extent of information defendants took with them from AVI to Carousel:

1. Burgdolf's Hewlett Packard external USB hard disk drive, serial number 5743415635323436 (the "HP Hard Drive");

2. Burgdolf's 2 terabyte IO Solo Safe external USB hard disk drive, serial number 2011012104C7&0 (the "Fireproof Hard Drive");

3. Burgdolf's work computer, a Dell Latitude, model E6510, s/n: (service tag) G4HC4Q1 with a 160 GB Western Digital hard disk drive ("Burgdolf's Carousel Computer");

4. Burgdolf's personal computer, an Apple Mac Book Pro, serial number W8032AA3ATM with a 250 GB Hitatchi hard disk drive ("Burgdolf's Personal Computer");

5. White's Carousel computer ("White's Carousel Computer"); and

6. White's current iPhone, and any other smart phone in White's possession ("White's iPhone").[3]

The parties shall work together to allow AVI to examine the Devices under the following guidelines.[4]

To the extent it has not already done so, for all of the Devices, MARS Business

---

[3] Defendants say that AVI should not be permitted to examine White's iPhone or his Carousel Computer because AVI did not request to do so under Fed. R. Civ. P. 34. The Court will not preclude examination of these devices on this basis. AVI is entitled to examine these devices because they may have relevant information that may be useful in AVI's case.

[4] The basic framework of these guidelines is taken from plaintiff's proposed order transmitted to the Court's case manager by e-mail. The guidelines have been edited as deemed necessary by the Court. The parties shall follow the guidelines contained in this order, not the guidelines contained in plaintiff's proposed order.

Group, LLC d/b/a/ Computing Source ("Computing Source")[5] shall create a complete bit-stream forensic image, including all deleted files, slack space, and unallocated space (the "Forensic Image").

From the Forensic Images taken from the Devices, Computing Source shall create a list of file extensions, including the number of files overhead (such as byproducts of forensic processing) per extension (the "File Extension List"). Computing Source shall then create a "File List" in electronic format (text or Excel), of each file contained in the File Extension List (the "File List"). The File List shall contain, at a minimum, any unique identification numbers assigned to the files during processing, the full name of the file, the full path or folder in which the file is stored, the size of the file, the create date, the last access date, the last modified date, the file's MD-5 hash value, and indication of whether the file is active or deleted. The File List shall be provided to counsel for both parties on an Attorneys' Eyes Only basis.

Computing Source shall also provide to counsel for both parties a certified list, in electronic format (text or Excel), of all deleted files that have been recovered from the unallocated and slack space on the Devices (the "Certified Deleted Files List"). This Certified Deleted Files List shall be provided to counsel for both parties on an Attorneys' Eyes Only basis.

After counsel for both parties receives a copy of the File List and the Certified Deleted Files List, Computing Source shall deliver to Defendants' counsel a hard drive or DVD(s) containing all documents listed in the File List and the Certified Deleted Files List.

---

[5] Computing Source is defendants' computer forensics expert.

The parties shall discuss the volume of documents subject to review within seven (7) days after Defendants' counsel has received the documents. The parties shall agree on a reasonable time,[6] based on the volume of documents, for Defendants' counsel to object in good faith to the production of any of the files listed on the File List and the Deleted Files List on the basis of relevance, privilege, or confidentiality. Defendants' counsel shall submit to Plaintiff's counsel a relevance, privilege, or confidentiality log. Plaintiff's counsel may object to Defendants' such claims and seek relief from the Court by filing a motion.

If any information from any of the Devices is subject to a claim of attorney-client privilege, work product immunity, irrelevance, or privacy is produced through this process, Defendants' counsel may notify Plaintiff's counsel of the claim of privilege and the basis for it. After being notified, Plaintiff's counsel must sequester the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Nothing in these guidelines, however, shall prevent Plaintiff from challenging the propriety of the attorney-client privilege, work product immunity, or other applicable privilege or immunity designation or claim of irrelevance or privacy by submitting a written challenge to the Court. Plaintiff may not argue that disclosure itself constitutes a waiver of any applicable privilege.

Any documents not identified as irrelevant, confidential, or privileged by Defendants' counsel shall be produced by Computing Source to Plaintiff's counsel at Plaintiff's sole expense (the "Produced Documents"). All Produced Documents shall be considered designated as **CONFIDENTIAL—ATTORNEYS' EYES ONLY** pursuant to the Stipulated

---

[6] If the parties cannot agree on a reasonable time, counsel should call the Court and schedule a telephone conference. The Court will then determine a reasonable time.

Protective Order that the parties shall submit to the Court and have entered separately. The parties shall cooperate in good faith to the extent they want to change any designation of the Produced Documents.

The costs associated with obtaining the information from the Devices shall be borne by Plaintiff.

**C. Plaintiff's Request for Attorneys' Fees**

Plaintiff's request for attorneys' fees is DENIED. Under Fed. R. Civ. P. 37, a court "must, after giving an opportunity to be heard, require . . . the party or attorney . . . or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the court finds, among other things, that the opposing party's position was substantially justified, or other circumstances make an award of attorney's fees unjust. Given the posture of this case, an award of costs and attorneys' fees is not justified at this time. Defendants' objections were reasonable given the circumstances and procedural history of this case.

## V. OBJECTIONS

Any objections to this order shall be lodged with the court within two (2) days.

SO ORDERED.

                                            s/Avern Cohn
                                            UNITED STATES DISTRICT JUDGE

Dated: February 3, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 3, 2014, by electronic and/or ordinary mail.

                                            S/Carol Bethel for Sakne Chami
                                            Case Manager, (313) 234-5160